**Albert H. CARTER, Relator,**

**v.**

**Hon. Lewis DICKSON, Judge, 125th District Court of Harris County, Texas, Respondent.**

**No. 16404.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Sept. 5, 1974.

Rehearing Denied Oct. 3, 1974.

COLEMAN, Chief Justice.

This is a petition for mandamus whereby Relator seeks to compel the Honorable Lewis Dickson to vacate his order sustaining the contest of Relator's affidavit of inability to pay court costs in a civil action styled Albert H. Carter v. Ray Racca, No. 929,501, in the 125th District Court of Harris County, Texas, and to enter an order overruling said contest.

Relator has filed in this court only his sworn petition for a writ of mandamus. He states that the affidavit of inability to pay court costs was filed in the civil action in the District Court during the July-December term, 1972, but that the contest was filed during the following term and the hearing thereon was held May 20, 1974. He states that at the hearing on May 20 "All evidence adduced by Relator showed beyond doubt that he is totally indigent; whereas the District Clerk . . . adduced absolutely no evidence at all."

Realtor contends that Rule 145, Texas Rules of Civil Procedure, requires that a contest be filed and tried at the same term of court at which the affidavit was filed.

The case of Burleson v. Rawlins, 174 S. W.2d 979 (Tex.Civ.App.—Dallas 1943), held that since an order sustaining a contest to the affidavit of inability to pay court costs was not appealable, mandamus was a proper procedural remedy. The case also held that the affidavit in forma pauperis constituted prima facie evidence of facts therein alleged, and, not having been contested until after the expiration of the term of court when filed the affidavit became conclusive and thereafter was incontestable. The applicable provision of Rule 145, supra, reads:

" . . . Such contest may be tried before the trial of the cause, at such time as the court may fix, at the term of court at which the affidavit is filed, after notice thereof has been given to the opposite party or his attorney of record. In the event a contest is filed, the burden shall be on the affiant to prove his alleged inability in open court by evidence other than by the affidavit above referred to."

No other case construing this portion of said rule has been found. The language of the rule is not that usually found in rules or statutes which the courts have held to be mandatory rather than directory. We find it unnecessary to determine this question because of the record which has been presented to this court.

No copy of the affidavit filed in Cause No. 929,501 has been furnished to this court. The order entered by the court sustaining the contest is not before this court. We have no record of the proceedings before the trial court; no briefs were filed in this court by either party, although an attorney representing Relator presented oral argument in support of his petition.

We cannot say that, therefore, the affidavit filed in the trial court conformed to the requirements of Rule 145, supra. Neither can we eliminate the possibility that the time for the filing of the contest was enlarged by the District Court under the authority granted by Rule 5, T.R.C.P.

Since we do not have a transcript of the testimony which was before the trial court at the hearing on the motion, we lack au-

thority to set aside the order entered by the trial judge in the exercise of his judicial discretion. State v. Ferguson, 133 Tex. 60, 125 S.W.2d 272 (1939); Pinchback v. Hockless, 139 Tex. 536, 164 S.W.2d 19 (1942); Yantis v. McCallum, 121 S.W. 2d 610 (Tex.Civ.App.—Dallas 1938, n. w. h.).

Mandamus denied.