**Leopold Lee PEDRAZA, Appellant,**

v.

**Becky TIBBS, Appellee.**

**No. 01–91–00395–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 27, 1992.

Leopold Lee Pedraza, pro se.

Frank Blazek, Houston, for appellee.

Before TREVATHAN, C.J., and COHEN and O'CONNOR, JJ.

## OPINION

TREVATHAN, Chief Justice.

Appellant, Leopold Lee Pedraza, an inmate in the Texas Department of Criminal

Justice, Institutional Division, brought this in forma pauperis action against appellee, Becky Tibbs, a prison employee. In three points of error, appellant argues the trial court abused its discretion when it dismissed the cause before service of process and that the dismissal resulted in a violation of his constitutional rights. We affirm.

### 1. Background

Appellant sought relief under Title 4 of the Texas Government Code section 500.-007,[1] claiming that appellee wrongfully deprived him of his personal property consisting of two electrical cords, two combination locks, and two tooth brushes. Before appellee was served, the trial court dismissed the suit with prejudice pursuant to TEX.CIV. PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1992). Appellant argues that section 13.001 is unconstitutional, that the dismissal of his suit pursuant to section 13.001 violated his due process rights and equal protection rights under both the Texas Constitution and the United States Constitution, and that the trial court erred in dismissing his suit based upon nonstatutory authority.

### 2. Constitutionality of section 13.001

■ In reviewing the constitutionality of a statute, we begin with a presumption of validity. *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex.1983); *Ex Parte Benavides*, 801 S.W.2d 535, 536 (Tex.App.—Houston [1st Dist.] 1990, no writ). We presume the "legislature has not acted unreasonably or arbitrarily; and a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down a legislation as arbitrary or unreasonable." *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex. 1968); *Sax*, 648 S.W.2d at 664.

#### a. Open courts provision

■ We will address appellant's challenge under article I, section 13 of the Texas Constitution first. When a litigant asserts that a legislative act denies a citizen access to the courts, the essence of the due process guarantee of section 13 (commonly referred to as the open courts provision) is: Does the litigant's right of redress outweigh the legislative basis for the ordinance and statute? *See Sax*, 648 S.W.2d at 665–66; *Spellmon v. Sweeney*, 819 S.W.2d 206, 209 (Tex.App.—Waco 1991, no writ). In *Sax*, the supreme court said that in analyzing the litigant's right of redress, two criteria must be met:

1. It must be shown that the litigant has a cognizable common law cause of action that is being restricted.

2. The litigant must show that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute.

*Sax*, 648 S.W.2d at 666.

Our review of appellant's petition shows he has asserted only a statutory cause of action and no common-law cause of action. Thus, appellant fails to satisfy the first criteria of the test set out in *Sax*. *Spellmon*, 819 S.W.2d at 210.

#### b. Due course of law/Due process provisions

■ We now address appellant's attack on section 13.001 under section 19 of article I of the Texas Constitution and the fourteenth amendment of the United States Constitution. Appellant asserts the dismissal of his suit deprived him of vested property right without due course of law.

■ Vested rights, including matured causes of action, are protected by the due process provisions of both the Texas and United States Constitutions. *Middleton v. Texas Power & Light Co.*, 108 Tex. 96, 185 S.W. 556, 559 (1916), *aff'd*, 249 U.S. 152, 39 S.Ct. 227, 63 L.Ed. 527 (1919); *Coulter v. Melady*, 489 S.W.2d 156, 159 (Tex.Civ. App.—Texarkana 1972, writ ref'd n.r.e.), *cert. denied*, 414 U.S. 823, 94 S.Ct. 123, 38 L.Ed.2d 56 (1973). In substantive due process cases, we balance the gain to the public welfare resulting from the legislation against the severity of its effect on personal and property rights. *In the In-*

---

1. TEX.GOV'T CODE ANN. § 500.007 (Vernon 1988).

*terest of B.M.N.*, 570 S.W.2d 493, 503 (Tex. Civ.App.—Texarkana 1978, no writ). A law is unconstitutional as violating due process when it is arbitrary or unreasonable, and the latter occurs when the social necessity the law is to serve is not a sufficient justification of the restriction of the liberty or rights involved. *Id.* at 503.

An indigent's suit may be dismissed if under section 13.001(a) of the Texas Civil Practice and Remedies Code, the trial court finds that (1) the allegation of poverty in the affidavit is false, or (2) the action is frivolous or malicious. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(a) (Vernon Supp. 1992). There are three factors the trial court may consider in making its decision whether the action is frivolous: (1) Does the action realistically have only a slight chance of ultimate success? (2) Does the claim have no arguable basis in law or in fact? (3) Is it clear that the party cannot prove a set of facts in support of the claim? TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(b) (Vernon Supp.1992). Section 13.001(c) permits the trial court to dismiss the suit even before service of process. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(c) (Vernon Supp. 1992).

■ A dismissal under section 13.001(b)(3) is no longer appropriate. *See Neitzke v. Williams*, 490 U.S. 319, 330, 109 S.Ct. 1827, 1834, 104 L.Ed.2d 338 (1989); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir.1989); *Johnson v. Lynaugh*, 800 S.W.2d 936, 938 (Tex.App.— Houston [14th Dist.] 1990, writ granted). In addition, the Texas Supreme Court has also discouraged reliance on section 13.001(b)(1). *Johnson v. Lynaugh*, 796 S.W.2d 705, 707 (Tex.1990). The United States Supreme Court has said the proper factor is whether the claim has no arguable basis in law or in fact. *McDonald v. Houston Dairy*, 813 S.W.2d 238, 239 (Tex. App.—Houston [1st Dist.] 1991, no writ).

■ A claim which has no arguable basis in law or in fact does not constitute a cause of action and has no value as a property right. *Spellmon*, 819 S.W.2d at 210. Before being dismissed under section 13.001(b)(2), petitions like that of appellant's must receive judicial examination for a determination of its basis in fact and in law. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(b)(2) (Vernon Supp.1992). If the trial court, exercising broad discretion, determines the petition is lacking either, it may dismiss the action as frivolous or malicious. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(a)(2). (Vernon Supp.1992). The State's interest in conserving limited judicial resources by disposing of claims without merit at an early stage in the proceeding outweighs the right of the in forma pauperis litigant to expend those resources on claims which have no value. *Spellmon*, 819 S.W.2d at 210. Because there was evidence before the trial court (outlined below) that appellant's claim had no arguable basis in law, we hold that section 13.001(b)(2) does not in this case violate the prohibitions of the due course of law provision of the Texas Constitution or the due process protections of the fourteenth amendment of the United States Constitution. *Spellmon*, 819 S.W.2d at 210.

c. Equal Protection

■ Appellant argues the dismissal of his suit violated his constitutional rights under article I, sections 3 and 3a of the Texas Constitution and under the fourteenth amendment of the United States Constitution.

■ Appellant did not make these constitutional challenges in the trial court and raises them for the first time on appeal. A constitutional challenge must be made in the trial court unless the challenge presents fundamental error. *Johnson*, 800 S.W.2d at 939; *Thompson v. Ereckson*, 814 S.W.2d 805, 807 (Tex.App.—Waco 1991, no writ). Because appellant's challenge does not raise fundamental error, his complaint that the dismissal violated his equal protection rights is not before this Court. *Smiley v. Johnson*, 763 S.W.2d 1, 4 (Tex.App.— Dallas 1988, writ denied).

3. Dismissal under section 13.001

■ We review a dismissal under section 13.001 by determining whether the

trial court abused its discretion. *Johnson v. Peterson*, 799 S.W.2d 345, 347 (Tex. App.—Houston [14th Dist.] 1990, no writ). An abuse of discretion occurs when a trial court acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984); *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). The mere fact that a trial court may decide a matter within its discretionary authority differently from what we, as a reviewing court, would decide in similar circumstances does not demonstrate that an abuse of discretion occurred. *Loftin v. Martin*, 776 S.W.2d 145, 146 (Tex.1989). In determining whether the trial court abused its discretion in dismissing appellant's suit, our inquiry will focus on whether appellant's claim had any arguable basis in law or in fact. *McDonald*, 813 S.W.2d at 239.

The trial court did not specify which of the factors of section 13.001 it based its dismissal of appellant's suit on; however, appellant's error focuses on the fact that section 13.001 does not contain language authorizing the dismissal of a suit for failure to exhaust administrative remedies.

▮▮▮▮▮ Under the doctrine of primary jurisdiction, a matter delegated by statute to an administrative agency for initial action must be determined by that agency before it may be reviewed by a court. *Lloyd A. Fry Roofing Co. v. State*, 516 S.W.2d 430, 432 (Tex.Civ.App.—Amarillo 1974, writ ref'd n.r.e.). When the legislature has provided a mandatory method of review by an administrative agency, a party complaining of administrative action must first resort to that method of review before initiating suit in a court. *See Butler v. State Bd. of Educ.*, 581 S.W.2d 751, 755 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.).

Chapter 61 of Title 37 of the Texas Administrative Code sets out the rules and regulations and grievance procedures governing inmate conduct. Tex.Dep't of Corrections, 37 TEX.ADMIN.CODE § 61.101–61.-106 (West Dec. 12, 1990). The Texas Administrative Code was adopted pursuant to the Administrative Procedure and Texas Register Act. TEX.REV.CIV.STAT.ANN. art. 6252–13a (Vernon Supp.1992). The rules and regulations under chapter 61 are the administrative remedy for complaints initiated by inmates. These rules and regulations provide a formal complaint procedure designed to serve the inmate, the administration, and the courts. Tex.Dep't of Corrections, 37 TEX.ADMIN.CODE § 61.101(b) (West Dec. 12, 1990). Under section 61.-105, an inmate must file his complaint with the warden of the unit and if not satisfied with the unit warden's reply, he may appeal to the director of prisons. If the inmate is dissatisfied with the response to his complaint and response to his appeal, the inmate is free to file suit in an appropriate court and attach documentary proof that he exhausted his administrative remedy. Tex.Dep't of Corrections, 37 TEX.ADMIN.CODE § 61.105(d), (f) (West Dec. 12, 1990). The courts may require evidence that this administrative procedure has been fully pursued before they will rule on a complaint. Tex.Dep't of Corrections, 37 TEX.ADMIN.CODE § 61.102(f) (West Dec. 12, 1990).

The record reflects appellant did not follow the above procedures prior to filing this suit. Appellant filed his suit on March 4, 1991, asserting his claim under section 500.07 of the Texas Government Code. The trial court dismissed the action on March 12, 1991. On March 21, 1991, appellant filed a motion in the trial court conceding that he had not exhausted his administrative remedies. Appellant did not file his first complaint with the warden of his unit as required by section 61.05 of the Administrative Code. Because appellant failed to exhaust his administrative remedy, the trial court in exercising its broad discretion could have concluded that appellant's claim had no arguable basis in law. The trial court did not act arbitrarily, capriciously, or without reference to any guiding rules or principles. *Craddock*, 133 S.W.2d at 126; *Smithson*, 665 S.W.2d at 443. Appellant having failed to exhaust his administrative remedy, we find the trial court did not abuse its discretion in dismiss-

ing appellant's suit pursuant to section 13.-001.

Points of error one, two, and three are overruled.

The judgment is affirmed.