Affirmed in Part, Reversed and Remanded in Part, and Opinion filed May
9, 2002









 

Affirmed in Part, Reversed and Remanded in Part, and
Opinion filed May 9, 2002.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00371-CV

____________

 

THOMAS RETZLAFF, Appellant

 

V.

 

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
Appellee

 



 

On
Appeal from the 149th District Court

Brazoria County, Texas

Trial
Court Cause No. 13544*I00

 



 

O
P I N I O N

Thomas
Retzlaff, a prisoner in the Texas Department of Criminal
Justice, appeals the summary dismissal of his tort claim and petition for
judicial review.  We affirm in part and
reverse and remand in part.








Background

Appellant
is an inmate housed in the Texas Department of Criminal Justice (TDCJ).  On or about May 4, 2000, appellant was issued
a new pair of work boots.  Shortly
thereafter, appellant claims he notified the boot room attendant of a defect in
the stitching of one of the boots. Appellant contends a metal rivet on the boot
continuously jabbed him in the foot for a week and a half, resulting in a
laceration and bruise to his left foot. Appellant claims he missed work and
received medical treatment from the infirmary as a result of his injury.  Appellant alleges the defective boot
eventually fell apart and, when he attempted to return it, he was punished for
destruction of state property.

Appellant=s
original petition, in forma pauperis, contains
only two viable causes of action.  The first  is a request
for judicial review of the administrative finding of guilt for destruction of
state property.  See Tex. Gov=t Code Ann. _ 500.002 (Vernon 1998).  The second is a claim for personal
injury.  See Tex. Civ. Prac. & Rem. Code Ann.
'
101.021(1) (Vernon 1997) (Texas Tort Claims Act).  Upon the State=s motion, the trial court summarily dismissed both claims as
frivolous.  See Tex. Civ. Prac.
& Rem. Code Ann.
'14.003
(Vernon Supp. 2002).  The motion stated
the following grounds for dismissal: (1) appellant=s
tort claim is barred by sovereign immunity; (2) appellant=s
tort claim is invalid for failure to provide notice pursuant to section 101.101
of the Civil Practice and Remedies Code; (3) appellant failed to timely file
his suit for judicial review and failed to attach completed grievance forms to
his petition; (4) appellant failed to comply with Civil Practice and Remedies
Code sections 14.004(a)(2) (requiring that an inmate file an affidavit
identifying all prior litigation), 14.005 (requiring that an inmate file copies
of grievance decisions, a declaration stating the date the grievances were
filed and decisions on them received, and sue within 31 days of receipt of
those decisions), and 14.006(f) (requiring that inmate file a certified copy of
his trust fund account statement).  Our
review of the record indicates appellant complied with sections 14.004(a)(2) and 14.006(f). 
We discuss compliance with section 14.005 below in our resolution of
appellant=s first appellate issue.








Issues

Appellant
contends the trial court: (1) violated his right of access to the courts in
failing to timely file-stamp his suit; (2) abused its discretion by dismissing
his complaint; (3) erred by not specifically stating the grounds for dismissal;
(4) erred by not filing findings of fact and conclusions of law; and (5) erred
in not providing him with a supplemental clerk=s record upon demand.  We
determine appellant=s first issue to be moot and overrule appellant=s
third, fourth, and fifth issues.  We
sustain appellant=s second issue.

I.  Timely Filing Analysis B
Issue One

Compliance
with section 14.005 of the Civil Practice and Remedies Code is a prerequisite
to judicial review of inmate claims. 
That section requires an inmate to file a claim within thirty-one days
of the date he receives a final, written decision from the prison grievance
system. 
Tex. Civ. Prac. Rem. Code Ann._14.005(2)(b) (Vernon Supp. 2002); see also Tex. Gov=t Code Ann. _ 500.002(e) (Vernon 1998) (petition for review of administrative decision on destruction
of state property must be filed within 31 days of grievance decision).  The final grievance decision issued July 28,
2000.  Appellant submits he filed his
petition with the Brazoria County District Clerk=s office on August 25, 2000, though the clerk=s
office did not file stamp his petition until October 6, 2000.  See Tex.
Civ. Prac. Rem. Code Ann. ' 14.005(b) (Vernon Supp. 2002).  While it does appear from the record that the
file stamping of appellant=s petition was delayed, appellant=s contention that the clerk=s office violated his right to access to the courts became moot
when the trial court accepted his petition as timely filed.[1]  Accordingly, we overrule appellant=s
first issue.








II.  Substantive Review B
Issue Two

A.  Standard of Review

A
court may dismiss an inmate claim if it finds the claim to be frivolous or
malicious. Tex. Civ. Prac. & Rem. Code Ann. '14.003 (Vernon Supp. 2002). 
A claim is frivolous if it has no basis in law or fact.  See id. ' 14.003(b)(2).  Trial courts are given broad discretion in
determining whether a case should be dismissed because: (1) prisoners have a
strong incentive to litigate; (2) the government bears the cost of an in
forma pauperis suit; (3) sanctions are not effective;
and (4) the dismissal of unmeritorious claims accrues to the benefit of state
officials, courts, and meritorious claimants. 
Montana v. Patterson, 894 S.W.2d 812, 814B15
(Tex. App.CHouston [1st Dist.] 1996, no writ).  However, when a trial court dismisses a claim
without conducting a fact hearing, the dismissal can be affirmed on appeal only
if the claim has no arguable basis in law. 
Sawyer v. Texas Dept. of Criminal Justice, 983 S.W.2d 310, 311
(Tex. App.CHouston [1st Dist.] 1998, pet. denied).  A claim has no arguable basis in law if a
prisoner has failed to exhaust his administrative remedies.  Pedraza
v. Tibbs, 826 S.W.2d 695, 699 (Tex. App.CHouston [1st Dist.] 1992, pet. dism=d
w.o.j.).  Our
review of whether a claim is legally cognizable is de novo.  Id. 
Where no fact hearing is held, we affirm a dismissal under Chapter 14 of
the Civil Practice and Remedies Code upon any of the grounds presented in the
motion.  Harrison v. Texas Dept. of
Criminal Justice, 915 S.W.2d 882, 887 (Tex. App.CHouston [1st Dist.] 1995, no writ).  If an
inmate fails to exhaust his administrative remedies, we may affirm a dismissal
even if this ground was not presented in the motion to dismiss.  Pedraza
v. Tibbs, 826 S.W.2d 695, 699 (Tex. App.CHouston [1st Dist.] 1992, pet. dism=d
w.o.j.).  We
next review the trial court=s dismissal of appellant=s two claims.








B.  Judicial Review of Disciplinary Action

An inmate charged in a prison disciplinary proceeding with
destruction of property is entitled to judicial review of the prison
proceeding, provided he has exhausted his administrative remedies.  Tex.
Gov=t Code Ann. _ 500.002(d), (e) (Vernon 1998)
(annexing review procedures set forth in Texas
Government Code ' 2001.176).  An inmate=s claim for judicial review of an
administrative finding he destroyed state property has an arguable basis in
law, even if it is factually baseless, if all administrative remedies have been
exhausted.  Id.  The administrative remedy available to
inmates consists of a two-step grievance process.  Id. _ 501.008.  The record demonstrates appellant exhausted
his administrative remedies by completing the second step of the grievance
process set forth in section 501.008. 
His claim for judicial review therefore has an arguable basis in law.

On
January 11, 2001, without holding a hearing at which appellant could have
submitted evidence, the trial court dismissed appellant=s
petition for judicial review.  As we
discussed above, without a hearing, a trial court=s dismissal is improper unless appellant=s
claim lacks an arguable basis in law.  See
Sawyer, 983 S.W.2d at 311.  Because appellant=s
petition for judicial review of destruction of state property has an arguable
basis in law, the trial court=s dismissal was erroneous.

C.  Tort Claim








An
inmate may not file a claim in state court regarding operative facts for which
the grievance system provides the exclusive administrative remedy until he
receives a written decision issued by the highest authority provided in the
grievance system.  Tex. Gov=t. Code Ann. _ 501.008(d)(1) (Vernon 1998). 
The grievance system provides the exclusive administrative remedy for
inmate claims arising under the Texas Tort Claims Act.  See, e.g., Wallace v. TDCJ, 36 S.W.3d
607, 611 (Tex. App.CHouston [1st Dist.]
2000, pet. denied) (example of review of personal injury claim within
grievance process).  Our review of the
record indicates appellant failed to allege personal injury in his complaints
before the grievance system.  He
therefore failed to exhaust his administrative remedies and his tort claim is
without a basis in law.  See Tex. Gov=t Code Ann. _
500.002(d) (Vernon 1998); Birdo v. Schwartzer,
883 S.W.2d 386, 388 (Tex. App.CWaco
1994, no writ) (citing Pedraza v. Tibbs, 826 S.W.2d 695, 699 (Tex. App.CHouston [1st Dist.] 1992, pet. dism=d
w.o.j.)).  We affirm the trial court=s
dismissal of appellant=s tort claim.

We
sustain appellant=s second issue as to the disciplinary action.  

III.  Post Judgment
Procedure C Issues Three, Four, and Five

In
his third issue, appellant contends the trial court erred by not specifically
stating the grounds for dismissal.  We
review a trial court=s dismissal for abuse of discretion.  Hickson
v. Moya, 926 S.W.2d 397, 398 (Tex.
App.CWaco 1996, no writ).  The
test for abuse of discretion is whether the trial court acted without reference
to any guiding rules and principles or, alternatively, whether the trial court=s
actions were arbitrary or unreasonable based on the circumstances of the
individual case.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241B42
(Tex. 1985).  The fact that, under
similar circumstances, an appellate court might decide a matter differently
than did the trial court does not demonstrate that an abuse of discretion has
occurred.  Id.
at 242.  The burden of proof rests
on the appellant asserting abuse of discretion to overcome the presumption that
the action of the trial court was justified. 
Federal Deposit Ins. Co. v. Kendrick, 897 S.W.2d 476, 479 (Tex. App.CAmarillo 1995, no writ). 

As
noted above, Chapter 14 of the Texas Civil Practice and Remedies Code grants
trial courts special power to summarily dismiss prisoner suits, even in the
absence of a hearing. Compare Tex.
Civ. Prac. Rem. Code Ann. ' 14.003 (Vernon Supp. 2002) with Villareal
v. Sand Antonio Truck & Equip., 994 S.W.2d 628, 630B31
(Tex. 1999) (dismissal under Texas Rule of Civil Procedure 165a improper
without giving notice of intent to dismiss stating grounds).  We therefore hold the court=s
failure to specifically state the grounds for dismissal is not an abuse of
discretion.  Appellant=s
third issue is overruled.








In
his fourth issue, appellant complains of the trial court=s
refusal to file findings of fact and conclusions of law.  Appellant filed both an initial request and a
Notice of Past Due Findings.  However, Texas Rules of Civil
Procedure 296 and 297 do not apply when a court dismisses a case under Chapter
14 of the Civil Practice and Remedies Code without holding a fact hearing.  See Timmons v. Luce, 840 S.W.2d 582,
586 (Tex. App.CTyler 1992, no writ) (holding no duty
to file findings after dismissal of inmate suit under Chapter 13 of the Texas
Civil Practice and Remedies Code).  See
also Zimmerman v. Robinson, 862 S.W.2d 162, 163 (Tex. App.CAmarillo 1993, no writ) (trial court
has no duty to file findings of fact upon dismissing case for lack of subject
matter jurisdiction).

As noted, if no fact hearing is held, the court=s dismissal can only be affirmed if
the prisoner=s suit lacks a basis in law.  See
Sawyer, 983
S.W.2d at 311.  In such a situation, the trial court is not
acting as a fact finder.  Therefore, as
in a review of a summary judgment proceeding, the failure to file findings of
fact must be harmless.  Timmons, 840 S.W.2d at 586.  See
also IKB Indus. v. Pro‑Line Corp., 938 S.W.2d 440, 441B42 (Tex. 1997) (citing Linwood v.
NCNB Texas, 885 S.W.2d 102, 103 (Tex. 1994) (summary judgment proceeding)).[2]  We
overrule appellant=s fourth issue.

In
his fifth issue, appellant asserts the trial court clerk and this court failed
to supplement the record with the backsides of the step one and step two
grievance forms, notice of past due findings of fact, and appellants motion for
new trial, the last of which contains supporting affidavits.  A supplemental record containing these items
was filed in this court on August 28, 2001. 
Appellant=s fifth issue is therefore overruled.  








We
reverse the judgment below in part and remand this case for further proceedings
consistent with this opinion.

 

 

/s/        Eva M. Guzman

Justice

 

Judgment
rendered and Opinion filed May 9, 2002.

Panel
consists of Justices Yates, Seymore, and Guzman.

Publish C
Tex. R. App. P. 47.3(b).

 











[1]  On October 6,
2000, although acknowledging receipt of appellant=s
petition for judicial review, Jerry Deere, of the Brazoria County District
Clerk=s office, issued a letter to appellant informing him
that his office could not approve filing of the suit until it was reviewed by
the special master assigned to inmate cases.  See Tex.
Civ. Prac. Rem. Code Ann. '14.013(a)
(Vernon Supp. 2002) (requiring review by special master prior to filing). 





[2]  Even if we
assume the trial court had a duty to file findings, the record affirmatively
shows appellant suffered no injury. 
Because appellant=s tort action is without a basis in law, no finding of
fact could further this claim.  See Tex. Gov=t Code Ann. _ 500.002(d) (failure to exhaust administrative
remedies).  As to appellant=s claim for judicial review of the destruction of
state property dispute, our reversal on grounds unrelated to the court=s failure to file the requested findings provides
appellant with greater relief than he would have been entitled to upon a
successful challenge for failure to file findings.  See
Tex. R. App. P. 44.4
(usual remedy for failure to file findings is to abate appeal).