COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

LINZELL BROWN,
)
 No. 08-02-00397-CV

)


 Appellant,
)
 Appeal from

)
 

v.
)
 83rd District Court

)


SHERI TALLEY, M.D., ET AL.,
)
 of Pecos County, Texas

)


 Appellees.
)
 (TC# 6063)


MEMORANDUM OPINION



 Linzell Brown, an inmate of the Texas Department of Criminal Justice, Institutional Division,
filed this suit in forma pauperis against Dr. Sheri Talley, Dr. Lannette Linthicum, Dr. Michael
Kelley, Dr. Jason Calhoun, and Joseph Casal, the prison warden, alleging medical negligence and
medical malpractice for the treatment of his injuries sustained in a bus accident. He appeals the
dismissal of his suit with prejudice. Finding no error, we affirm.

FACTUAL SUMMARY


 Linzell Brown is an inmate of the Texas Department of Criminal Justice, Institutional
Division and is incarcerated at the Lynaugh Unit in Fort Stockton, Texas. On October 19, 2001, he
was being transported between facilities on a departmental bus. The bus driver was speeding and
suddenly applied the brakes to avoid colliding with another vehicle. Appellant, who was handcuffed
in the rear of the bus, was thrown from his seat and into the wire restraining fence that separates
prisoners from the prison guards. He complained to the guards of lower back pain. He was
examined by the medical staff at the Gurney Unit, x-rays were taken, and medication administered. 
Over the next few days he was transferred to several different units. On November 8, Appellant was
examined at the Robertson Unit where the doctor found nothing wrong. 

 Appellant contends that because of his injuries, he is unable to walk and has pains in his
lower back and extremities. He brought this action to recover damages under both state and federal
law. The trial court dismissed the suit with prejudice pursuant to Chapter 14 of the Texas Civil
Practice and Remedies Code. 

DISMISSAL ORDER

 In Issue One, Appellant challenges the trial court's dismissal order. We review a dismissal
under Chapter 14 of the Civil Practice and Remedies Code for an abuse of discretion. Hickson v.
Moya, 926 S.W.2d 397, 398 (Tex.App.--Waco 1996, no writ). A court abuses its discretion if it acts
without reference to guiding rules or principles. Samuels v. Strain, 11 S.W.3d 404, 406 (Tex.App.--Houston [1st Dist.] 2000, no pet.), Tex.Civ.Prac.&Rem.Code Ann. § 14.004 (Vernon 2002).

 Because Appellant filed an affidavit of indigency to proceed in forma pauperis in state court,
he was required to comply the provisions of Chapter 14. An inmate who files an affidavit or
unsworn declaration of inability to pay costs shall file a separate affidavit or declaration identifying
and describing each suit he has previously filed. We have reviewed the record and find Appellant
failed to meet these statutory requirements. Tex.Civ.Prac.&Rem.Code Ann. § 14.004.

 Moreover, an inmate must also prove that he has exhausted all administrative remedies
within the penal grievance system before initiating a lawsuit. Pedraza v. Tibbs, 826 S.W.2d 695,
699 (Tex.App.--Houston [1st Dist.] 1992, writ dism. w.o.j.). This requires that he attach an affidavit
or unsworn declaration stating the date that the grievance was filed and the date the written decision
was received by the inmate, and a copy of the written decision. Tex.Civ.Prac.&Rem.Code Ann.
§ 14.005(a). A court shall dismiss a claim if the inmate fails to file the claim before the thirty-first
day after the date the inmate receives the written decision from the grievance system. Id. at Section
14.005(b). Having failed to file the requisite affidavit, Appellant failed to establish that he has
exhausted his administrative remedies. Consequently, the trial court properly dismissed the suit. 
We overrule Issue One.

INJUNCTIVE RELIEF


 In Issue Two, Appellant argues the trial court abused its discretion in denying his request for
injunctive relief. Once the trial court dismissed the suit for failure to comply with the procedural
requirements of Chapter 14, the need for injunctive relief was moot. We overrule Issue Two and
affirm the judgment of the trial court.


October 2, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.