Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
JACK CHISUM,                                                 )                  No. 08-03-00452-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  83rd District Court
)
M.D. DAN KELLEY, M.D. J.L. HUBE,            )                  of Pecos County, Texas
M.D. SHERRI TALLEY,                                  )
M.D. MICHAEL BORUCHI, and                  )                  (TC# P-6142-83-CV)
JANIE COCKRELL (SUPERVISOR),               )
DIRECTOR OF T.D.C.J.,                                   )
)
                                    Appellees.                        )

MEMORANDUM OPINION

            Jack Chisum, pro se, appeals from an order dismissing his suit. We affirm.
FACTUAL SUMMARY
            Chisum, an inmate in the Institutional Division of the Texas Department of Criminal Justice, 
filed suit against several doctors and Cockrell alleging medical malpractice, retaliation, and
conspiracy. At the same time, he filed a motion to proceed in forma pauperis supported by an
unsworn declaration of inability to pay costs The trial court later examined the pleadings and
determined that Chisum’s petition failed to comply with Chapter 14’s requirements. Consequently,
the court dismissed all of his claims against the defendants. 
 

DISMISSAL ORDER
            Chisum challenges the dismissal order by four issues presented on appeal. We review a
dismissal under Chapter 14 of the Civil Practice and Remedies Code for an abuse of discretion.
Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.App.--Waco 1996, no writ). A court abuses its
discretion if it acts without reference to guiding rules or principles. Samuels v. Strain, 11 S.W.3d
404, 406 (Tex.App.--Houston [1st Dist.] 2000, no pet.). 
            Because Chisum filed an unsworn declaration of inability to pay costs, he was required to
comply the provisions of Chapter 14. Tex.Civ.Prac.&Rem.Code Ann. § 14.002 (Vernon 2002).
An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate
affidavit or declaration identifying and describing each suit he has previously filed. 
Tex.Civ.Prac.&Rem.Code Ann. § 14.004 (Vernon 2002). Moreover, an inmate must also prove
that he has exhausted all administrative remedies within the penal grievance system before initiating
a lawsuit. Pedraza v. Tibbs, 826 S.W.2d 695, 699 (Tex.App.--Houston [1st Dist.] 1992, writ dism.
w.o.j.). This requires that he attach an affidavit or unsworn declaration stating the date that the
grievance was filed and the date the written decision was received by the inmate, and a copy of the
written decision. Tex.Civ.Prac.&Rem.Code Ann. § 14.005(a)(Vernon 2004). A court shall
dismiss a claim if the inmate fails to file the claim before the thirty-first day after the date the inmate
receives the written decision from the grievance system. Id. at Section 14.005(b). We have
reviewed the record and find Chisum failed to meet these statutory requirements. Accordingly, the
trial court properly dismissed the suit. We overrule Issues One through Four and affirm the
dismissal order.
 
October 28, 2004                                                         
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.