Dan THOMAS, Appellant,

v.

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, Appellee.**

No. A14–92–00769–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 4, 1993.

Rehearing Denied March 18, 1993.

Dan Thomas, Houston, for appellant.

David Weeks, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from the dismissal of the appellant's pro se *in forma pauperis* action. The appellant is an inmate in the Institutional Division of the Texas Department of Criminal Justice. He sued that institution for personal injuries alleging that two prison guards injured him by their negligent use of leg irons and a lock bar.[1] After determining the claim had no arguable basis in law or in fact, the trial court dismissed the suit with prejudice pursuant to TEX.CIV.PRAC. & REM. CODE ANN. § 13.-001(b)(2) (Vernon Supp.1993). In his sole point of error, the appellant argues the trial court abused its discretion by dismissing the suit.

■ Trial courts have broad discretion in dismissing frivolous or malicious *in forma pauperis* actions. *Johnson v. Lynaugh*, 766 S.W.2d 393, 394 (Tex.App.—Tyler 1989), *writ denied per curiam*, 796

S.W.2d 705 (1990); *Johnson v. Peterson*, 799 S.W.2d 345, 347 (Tex.App.—Houston [14th Dist.] 1990, no writ). An abuse of discretion occurs when the trial court acts arbitrarily, capriciously and without reference to any guiding rules or principles. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984).

■ Both state and federal courts have approved dismissal of lawsuits filed *in forma pauperis* that have no basis in law or in fact. *See Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex.1990); *Pedraza v. Tibbs*, 826 S.W.2d 695, 698 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.); *Johnson v. Lynaugh*, 800 S.W.2d 936, 938 (Tex.App.—Houston [14th Dist.] 1990, writ denied); *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989). Our legislature has authorized dismissal of frivolous *in forma pauperis* lawsuits. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1993). As noted by the United States Supreme Court, the purpose of allowing dismissal of these cases is to prevent the filing of abusive lawsuits by *in forma pauperis* litigants who have no financial incentive to refrain from filing such suits. *Neitzke v. Williams*, 490 U.S. at 324, 109 S.Ct. at 1831.

■ The appellant alleged that the prison guards' negligent use of leg irons and a lock bar caused his injuries. By asserting that he was injured by the guards use of personal property, the appellant pleaded a viable cause of action under the Texas Tort Claims Act. TEX.CIV.PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1986). We therefore consider whether his cause of action has any arguable basis in fact. We find that it does not. The acts complained of are common and necessary incidents of the prison environment. To the extent the guards' actions in this case caused injuries exceeding the usual level of discomfort experienced by inmates, the injuries suffered by the appellant were *de minimis*. *See*

---

**1.** The appellant describes a lock bar as an iron device used to unlock the food tray slots on prison cell doors.

*Smith v. Stevens,* 822 S.W.2d 152, 152 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *Birdo v. Ament,* 814 S.W.2d 808, 810 (Tex.App.—Waco 1991, writ denied).

Finding no abuse of discretion, we affirm the trial court's dismissal of the appellant's lawsuit.