Burnice Joe BIRDO, Appellant,

v.

Bruce W. SCHWARTZER,
et al., Appellees.

No. 10–94–050–CV.

Court of Appeals of Texas,
Waco.

Aug. 24, 1994.

Burnice J. Birdo, pro se.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

In this appeal we determine the propriety of a dismissal, under section 13.001 of the Civil Practice and Remedies Code, of a suit filed *in forma pauperis*. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1994).

## PROCEDURAL HISTORY

Burnice Birdo, a prison inmate, brought a pro se action *in forma pauperis* against the Texas Department of Criminal Justice–Institutional Division (TDCJ–ID) and employees Bruce Schwartzer, Norman Singleton, Janie Sweeney, Elton Brock, Sherry Brown, and Jack Douglas. Before the defendants were served with process, the court dismissed the cause as being frivolous and malicious. *See id.* Birdo complains that the court abused its discretion when it dismissed the cause before service of process and that the court's dismissal "exhibits a prolaw enforcement bias" in violation of his constitutional rights. We will affirm the judgment of dismissal.

## THE STATUTE

Section 13.001 provides:

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) the allegation of poverty in the affidavit.is false; or

(2) the action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) the action's realistic chance of ultimate success is slight;

(2) the claim has no arguable basis in law or in fact; or

(3) it is clear that the party cannot prove a set of facts in support of the claim.

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

TEX.CIV.PRAC. & REM.CODE ANN. § 13.001.

## THE ALLEGATIONS OF BIRDO'S PETITION

Birdo's petition alleges three causes of action. The first is an action against Schwartzer, Singleton, Sweeney, and Brock, in their individual capacities, for "retaliation for exercising protected constitution rights." He alleges that the defendants, in violation of prison policy, denied him "properly requested and entitled inmate legal visits" and confiscated personal legal materials. Birdo alleges that he was placed on thirty-day "law books delivery restriction" because Schwartzer falsely accused him of failing to return the pocket part to Volume 29 of West's Texas Digest.

His second cause of action alleges that Schwartzer, Singleton, Sweeney, Brock, Brown, and Douglas, in their individual capacities, acted in "deprivation of state prison-created liberty and property interest rights pursuant to and by improper application of [prison] policies/regulations ... without pre-deprivation hearing or opportunity to be heard."

Birdo's third cause of action alleges that the TDCJ–ID is liable under the Texas Tort Claims Act for its employees' negligent use or misuse of tangible property, i.e., misinterpretation of prison policies and regulations.

## THE COURT'S ORDER OF DISMISSAL

The court dismissed Birdo's lawsuit as "frivolous and malicious" because his claims had no arguable basis in law or in fact. As to causes of action one and two, the court found that Birdo failed to state a cause of action "with sufficient sufficiency ... to ascertain what specific acts of the individual defendants are complained of and whether or not a cause of action is stated against each individual defendant." The court determined that Birdo failed to state a cause of action in his third complaint.

## STANDARD OF REVIEW

Trial courts have broad discretion in dismissing frivolous or malicious in forma pauperis actions. Thomas v. Texas Dept. of Criminal Justice, Inst. Div., 848 S.W.2d 797, 798 (Tex.App.—Houston [14th Dist.] 1993, writ denied). We review a dismissal under section 13.001 by determining whether the court abused its discretion. See TEX.CIV. PRAC. & REM.CODE ANN. § 13.001; Johnson v. Peterson, 799 S.W.2d 345, 347 (Tex.App.— Houston [14th Dist.] 1990, no writ). Abuse of discretion is determined by whether the court acted without reference to any guiding principles. Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Stated another way: Was the act of the court arbitrary or unreasonable? Smithson v. Cessna Aircraft Co., 665 S.W.2d 439, 443 (Tex.1984); Landry v. Travelers Insurance Co., 458 S.W.2d 649, 651 (Tex.1970).

Federal and state courts have approved dismissal of lawsuits filed in forma pauperis that have no basis in law or fact. Johnson v. Lynaugh, 796 S.W.2d 705, 706 (Tex.1990); Pugh v. Parish of St. Tammamy, 875 F.2d 436, 438 (5th Cir.1989); Thomas, 848 S.W.2d at 798. The purpose in allowing trial courts to dismiss these cases is to prevent the filing of abusive lawsuits by in forma pauperis litigants who have no financial incentive to refrain from filing such suits. Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).

## REVIEW OF THIS DISMISSAL

■ Although Birdo's complaints are based on the defendants' alleged violation of prison policies and regulations, he did not seek to redress his grievances through the prison grievance system. TDCJ–ID has, pursuant to statute, developed a system for the resolution of inmate grievances. *See* TEX.GOV'T CODE ANN. § 501.008 (Vernon Supp.1994). The TDCJ–ID board policy on inmate grievances specifically applies to Birdo's complaints about the interpretation and application of policies, denial of access to the grievance procedure, and reprisals against inmates for filing grievances. *See* Tex.Dep't Corrections, *Inmate Grievances* (Inst.Div. January 1988). To the extent Birdo failed to exhaust his administrative remedies, the court did not abuse its discretion in dismissing his suit. *See Pedraza v. Tibbs,* 826 S.W.2d 695, 699 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.).

■ Even assuming for the sake of argument that Birdo stated a cause of action under the Texas Tort Claims Act, he claims the employees' negligence caused him mental anguish and emotional distress. Negligent infliction of mental anguish is no longer a cause of action. *See Birdo v. Williams,* 859 S.W.2d 571, 573 (Tex.App.—Houston [1st Dist.] 1993, no writ) (citing *Boyles v. Kerr,* 855 S.W.2d 593 (Tex.1993)). Thus the court did not abuse its discretion in dismissing his *in forma pauperis* suit for having no arguable basis in law or fact. *See id.* We overrule point one.

■ As to Birdo's request that we take "judicial notice" of the trial court's "pro-law enforcement" bias, we decline. Nothing in the record indicates that the court acted improperly. We overrule point two. We affirm the judgment.

## ABUSIVE LAWSUITS

■ Birdo is no stranger to the legal system. This court has reviewed several *in forma pauperis* lawsuits filed by him. *See, e.g, Birdo v. Ament,* 814 S.W.2d 808 (Tex.

App.—Waco 1991, writ denied) (sued prison employees for serving him hot coffee in a "flimsy" paper cup); *Birdo v. DeBose,* 819 S.W.2d 212 (Tex.App.—Waco 1991, no writ). Birdo has flooded our sister courts of appeals with his lawsuits. *See, e.g., Birdo v. Williams,* 859 S.W.2d 571 (Tex.App.—Houston [1st Dist.] 1993, no writ) (sought $200,000 for "mental anguish" for negligent investigation of employee allegedly throwing hot coffee on him); *Birdo v. Hammers,* 842 S.W.2d 700 (Tex.App.—Tyler 1992, no writ) (trial on merits for prison employee's confiscation of headphones, radio, and magazines); *Birdo v. Parker,* 842 S.W.2d 699 (Tex.App.—Tyler 1992, no writ) (trial on merits against prison employees alleging slip and fall).

The Fort Worth court addressed Birdo's litigiousness in *Birdo v. Holbrook,* 775 S.W.2d 411 (Tex.App.—Fort Worth 1989, writ denied). In affirming a take-nothing judgment, the court noted that it had dealt with a prior appeal and six mandamus actions filed by Birdo. *Id.* at 412. Furthermore, Birdo's "pointless litigation" had begun not in Texas but in New Mexico. *See id.* (citing *Birdo v. Rodriquez,* 84 N.M. 207, 209, 501 P.2d 195, 197 (1972)). We also note that this list is not exhaustive—it only represents the *published* opinions of cases brought by Birdo. Doubtless others have been filed in our state-court system which have not been designated for publication and thus are not readily available for our review.[1]

Birdo has not limited himself to state courts. He has been sanctioned by the Western District of Texas for filing frivolous excessive-force suits. *Birdo v. Carl,* No. W–92–CA–186 (W.D.Tex., August 10, 1993). Not to be deterred, Birdo has now sued prison employees for alleged violations in filing disciplinary reports and irregularities in his many grievance proceedings. *See Birdo v. Mata,* W–94–CA–201 (W.D.Tex.). Finally, although we do not know the specifics of the cases, Birdo has filed lawsuits in the federal district courts in Tyler, Amarillo, and Fort Worth. He also has a suit pending in a Houston federal court.

---

1. For example, our search revealed an unpublished denial of leave to file a writ of mandamus in the Fourteenth Court of Appeals. *See Birdo v.* Moore, No. C14–90–00558–CV (Tex.App.—Houston [14th Dist.], July 12, 1990, orig. proceeding) (not designated for publication).

SANCTIONS

This appeal is frivolous. We agree with the First Court of Appeals that damages should be assessed against persons bringing frivolous appeals from dismissals under section 13.001. *See Smith v. Stevens*, 822 S.W.2d 152 (Tex.App.—Houston [1st Dist.] 1991, writ denied); TEX.CIV.PRAC. & REM. CODE § 13.001; TEX.R.APP.P. 84. We assess damages against Birdo of $100, which is less than ten times the otherwise taxable costs. *See* TEX.R.APP.P. 84.