Ellis v. L. Amos, et al 









 





IN THE
TENTH COURT OF APPEALS
 

No. 10-95-221-CV

     WILLIE G. ELLIS,
                                                                                              Appellant
     v.

     L. AMOS, ET AL.,
                                                                                              Appellees
 

From the 87th District Court
Freestone County, Texas
Trial Court # 95-178-B
                                                                                                    

O P I N I O N
                                                                                                    

      Willie G. Ellis, a prison inmate, brought an action in forma pauperis against four correctional
officers. Tex. R. Civ. P. 145. The trial court dismissed the action "pursuant to its vested
authority under Tex. Civ. Prac. & Rem. [C]ode Ann. 13.001." Tex. Civ. Prac. & Rem. Code
Ann. § 13.001 (Vernon Supp. 1995). Ellis appeals, arguing that the court abused its discretion
in dismissing his suit as frivolous without stating a reason for the dismissal. Because we conclude
that the court did not abuse its discretion in dismissing the action, we affirm.
      Ellis' original petition asserts that the correctional officers "intentionally and knowingly with
malice discriminated against [him], when these defendant[s] wrote [a] false disciplinary report." 
He asserted that this false report caused him to lose "good time," restricted his commissary
privileges, reduced his "inmate status" level, and resulted in his being given fifteen days of
solitary confinement.
      Trial courts have broad discretion in dismissing frivolous or malicious in forma pauperis
actions. Thomas v. Texas Dept. of Criminal Justice, Inst. Div., 848 S.W.2d 797, 798 (Tex.
App.—Houston [14th Dist.] 1993, writ denied). We review a dismissal under section 13.001 by
determining whether the court abused its discretion. Tex. Civ. Prac. & Rem. Code Ann. §
13.001; Johnson v. Peterson, 799 S.W.2d 345, 347 (Tex. App.—Houston [14th Dist.] 1990, no
writ). Abuse of discretion is determined by whether the court acted without reference to any
guiding principles. Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). 
Stated another way: Was the act of the court arbitrary or unreasonable? Smithson v. Cessna
Aircraft Co., 665 S.W.2d 439, 443 (Tex. 1984); Landry v. Travelers Ins. Co., 458 S.W.2d 649,
651 (Tex. 1970). 
      Ellis' complaint is based on the defendants' allegedly filing a false disciplinary report, but
there is no evidence that he first sought to redress his grievance through the prison grievance
system. TDCJ-ID has, pursuant to statute, developed a system for the resolution of inmate
grievances. Tex. Gov't Code Ann. § 501.008 (Vernon Supp. 1995). The TDCJ-ID board
policy on inmate grievances specifically applies to complaints about the interpretation and
application of policies, denial of access to the grievance procedure, and reprisals against inmates
for filing grievances. See Tex. Dep't Corrections, Inmate Grievances (Inst. Div. January 1988). 
One of the remedies is "correction of records." Id. Because Ellis failed to exhaust his
administrative remedies, the court did not abuse its discretion in dismissing his suit. Pedraza v.
Tibbs, 826 S.W.2d 695, 699 (Tex. App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.).
      We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed September 13, 1995
Do not publish