Thompson v. TDCJ-ID 









[withdrawn]





IN THE
TENTH COURT OF APPEALS
 

No. 10-94-330-CV

     LAWRENCE EDWARD THOMPSON,
                                                                                              Appellant
     v.

     TEXAS DEPARTMENT OF CRIMINAL JUSTICE -
     INSTITUTIONAL DIVISION,
                                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 28,919
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Thompson appeals from an order of the trial court dismissing his pro se informa
pauperis action pursuant to Tex. Civ. Prac. & Rem. Code § 13.001.
      Appellant, an inmate of the Texas Department of Criminal Justice - Institutional Division,
sued the TDCJ-ID under the Texas Tort Claims Act, filing his petition on October 6, 1994,
alleging injuries resulting from incidents which occurred in July 1990. He detailed how he was
assaulted when he was being taken back to his cell for disciplinary reasons. Appellant sought both
actual and exemplary damages.
      The trial court dismissed Appellant's suit "because of failure to state a cause of action, all
applicable statute of limitations have run as evidence[d] from pleadings."
      Appellant appeals on one point, asserting "the trial court abused its discretion in dismissing
this suit as frivolous pursuant to Tex. Civ. Prac. & Rem. Code § 13.001."
      In 1991 appellant sued Norma Ereckson, Jerry Lee, and Wayne Mayo, employees of TDCJ-ID for alleged damages resulting from the same incidents which occurred in July 1990. In his
1991 suit Appellant raised certain constitutional claims which he does not raise in this case. The
1991 case was dismissed by the trial court under section 13.001, and such dismissal was affirmed
by this court on July 25, 1991. See Thompson v. Ereckson, et al., 814 S.W.2d 805 (Tex.
App.—Waco 1991). The opinion in that case stated, "The [trial court's] dismissal was without
prejudice, as merits of Thompson's claim were not reached . . . Therefore he is not precluded
from bringing this action again and asserting his constitutional claims in the trial court if his suit
is dismissed again."
      Appellant asserts that it was not until February 4, 1993, that he learned that an inmate could
sue under the Texas Tort Claims Act when Thomas v. TDCJ-ID, 848 S.W.2d 797 (Tex.
App.—Houston [14th Dist.] 1993), was handed down. He asserts it was on that date he discovered
that he had a cause of action under the Texas Tort Claims Act. He reasons that this court, in his
prior case, gave him the right to bring his action again; and because he did not discover that he
could bring it under the Texas Tort Claims Act until February 4, 1993, that the applicable two-year statute of limitations did not commence to run until that date, and for such reason the trial
court erred in holding the limitations had run and abused its discretion in dismissing his case.
       The court's opinion in appellant's prior case gave him the right to bring his action again and
"assert his constitutional claims." In the instant case, Appellant filed under the Texas Tort Claims
Act but asserted no constitutional claims.
      Additionally, this court's prior opinion did not constitute a waiver of the statute of limitations
for Appellant, or relieve him from bringing his case prior to the time the applicable (two-year)
statute of limitations barred his action.
      The incidents giving rise to this action occurred in July 1990, and this case was filed October
6, 1994. The action is barred by the two-year statute of limitations. The trial court did not err
in finding the action barred and in dismissing it.
      Appellant's point is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
      Affirmed
      Opinion delivered and filed October 11, 1995
      Do not publish
[withdrawn by order 12-13-95]