Strickland v. Morgan et al 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-222-CV

     JOSEPH STRICKLAND,
                                                                                              Appellant
     v.

     WARDEN T. MORGAN, ET AL.,
                                                                                              Appellees
 

From the 87th District Court
Freestone County, Texas
Trial Court # 95-172-B
                                                                                                    

O P I N I O N
                                                                                                    

      Joseph Strickland, an inmate of the Texas Department of Criminal Justice-Institutional
Division (TDCJ-ID) at the Boyd Unit in Teague, Texas, appeals from an order of the trial court
dismissing his pro se informa pauperis (civil) suit. See Tex. Civ. Prac. & Rem. Code Ann. §
13.001 (Vernon Supp. 1995).
      Strickland brought suit against Warden T. Morgan of the Boyd Unit and Dr. Love, the latter
alleged to be the treating physician at the Boyd Unit responsible for inmate treatment.
      More specifically, Strickland alleged that Dr. Love denied him medical treatment by failure
or refusal to diagnose and treat him for a foot condition and, as a result, he (Strickland) is forced
to live in pain and work in a job for which he is unfit.
      Strickland further alleged that the warden and the doctor are liable for damages "for their
intentionally knowing with malice, discrimination, immoral behavior, (and) actual prejudice, to
inflict unnecessary suffering on plaintiff by denying him medical treatment. As a result, plaintiff
is forced to live with unnecessary pain and is forced to work in a job (in which) he is medically
unfit." He sues each defendant for $50,000 actual damages, $50,000 punitive damages and, as
we understand his pleadings, for an additional $50,000 against each defendant for "mental (and)
emotional stress for suffering from retaliation against filing" this lawsuit, plus court costs.
      Plaintiff-Appellant filed his original petition on June 2, 1995. The transcript does not show
any service of process on either defendant. Then on June 22, 1995, the trial court dismissed the
cause with prejudice under Section 13.001 (Vernon Supp. 1988-89), and taxed the court costs
against plaintiff.
      Appellant's brief asserts the trial court abused its discretion when it dismissed his suit as
frivolous because the court "did not state a reason for issuing its order of dismissal; . . . ."
      Texas Civil Practices & Remedies Code § 13.001 authorizes a trial court to dismiss actions
filed under Rule 145, Texas Rules of Civil Procedure (affidavit of inability to pay costs), upon a
finding that the action is frivolous or malicious. In determining whether the action is frivolous
or malicious, the court may consider whether the action's realistic chance of success is slight, or
if the claim has no arguable basis in law or in fact. Birdo v. Ament, 814 S.W.2d 808 (Tex.
App.—Waco 1991, writ denied). The trial court has broad discretion to determine whether such
a suit should be dismissed as frivolous or malicious. Johnson v. Lynaugh, 766 S.W.2d 393 (Tex.
App.—Tyler 1989), affirmed, 796 S.W.2d 705 (Tex. 1990); Thomas v. Texas Department of
Criminal Justice, Institutional Division, 848 S.W.2d 797, 798 (Tex. App.—Houston [14th Dist.]
1993, writ denied). We review a dismissal under Section 13.001 by determining whether the trial
court abused its discretion. Johnson v. Peterson, 799 S.W.2d 345, 347 S.W.2d (Tex.
App.—Houston [14th Dist.] 1990, no writ).
      In the case at bar, the trial court did not abuse its discretion by dismissing with prejudice the
suit brought by Appellant.
      We accordingly affirm the trial court's judgment.
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed January 10, 1996
Do not publish