IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00384-CV

 

Juanita Onofre,

                                                                      Appellant

 v.

 

Michael Onofre,

                                                                      Appellee

 

 

 



From the 245th District Court

Harris County, Texas

Trial Court No. 0456737

 



MEMORANDUM  Opinion



 

         
This case was transferred to this Court from the First Court of Appeals in Houston.  The Clerk of the First Court of Appeals notified Appellant by letter dated
October 10, 2005 that the original filing fee of $125.00 had not been paid and
should be paid as soon as possible to avoid the appeal being set for dismissal
for nonpayment of the filing fee.  The Clerk of this Court notified Appellant
by letter dated November 23, 2005 that the filing fee was past due and that if
the fee was not paid within ten days, the appeal would be presented to the
Court for dismissal.  Onofre has not timely filed an affidavit of indigence.

          More than ten days have passed, and we
have received no notice of Onofre’s compliance with the Clerk’s
directive.   

         
Accordingly, the appeal is dismissed.  See Tex. R. App. P. 42.3(c); 10th
Tex. App. (Waco) Loc. R. 5(c).

Absent a specific exemption, the Clerk of the
Court must collect filing fees at the time a document is presented for filing. 
Tex. R. App. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees (July 21, 1998); see
also Tex. R. App. P. 5; 10th Tex. App. (Waco) Loc. R. 5(a); Tex. Gov’t Code Ann. §§ 51.207(b),
51.901 (Vernon Supp. 2005).  Under these circumstances, we suspend the rule and
order the Clerk to write off all unpaid filing fees in this case.  Tex. R. App. P. 2.  

          

PER CURIAM

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Appeal
dismissed

Opinion
delivered and filed February 22, 2006

[CV06]

 






0 actual damages, $50,000 punitive damages and, as
we understand his pleadings, for an additional $50,000 against each defendant for "mental (and)
emotional stress for suffering from retaliation against filing" this lawsuit, plus court costs.
      Plaintiff-Appellant filed his original petition on June 2, 1995. The transcript does not show
any service of process on either defendant. Then on June 22, 1995, the trial court dismissed the
cause with prejudice under Section 13.001 (Vernon Supp. 1988-89), and taxed the court costs
against plaintiff.
      Appellant's brief asserts the trial court abused its discretion when it dismissed his suit as
frivolous because the court "did not state a reason for issuing its order of dismissal; . . . ."
      Texas Civil Practices & Remedies Code § 13.001 authorizes a trial court to dismiss actions
filed under Rule 145, Texas Rules of Civil Procedure (affidavit of inability to pay costs), upon a
finding that the action is frivolous or malicious. In determining whether the action is frivolous
or malicious, the court may consider whether the action's realistic chance of success is slight, or
if the claim has no arguable basis in law or in fact. Birdo v. Ament, 814 S.W.2d 808 (Tex.
App.—Waco 1991, writ denied). The trial court has broad discretion to determine whether such
a suit should be dismissed as frivolous or malicious. Johnson v. Lynaugh, 766 S.W.2d 393 (Tex.
App.—Tyler 1989), affirmed, 796 S.W.2d 705 (Tex. 1990); Thomas v. Texas Department of
Criminal Justice, Institutional Division, 848 S.W.2d 797, 798 (Tex. App.—Houston [14th Dist.]
1993, writ denied). We review a dismissal under Section 13.001 by determining whether the trial
court abused its discretion. Johnson v. Peterson, 799 S.W.2d 345, 347 S.W.2d (Tex.
App.—Houston [14th Dist.] 1990, no writ).
      In the case at bar, the trial court did not abuse its discretion by dismissing with prejudice the
suit brought by Appellant.
      We accordingly affirm the trial court's judgment.
                                                                               JOHN A. JAMES, JR.
                                                                               Justice (Retired)

Before Chief Justice Thomas,
      Justice Vance, and
      Justice James (Retired)
Affirmed
Opinion delivered and filed January 10, 1996
Do not publish