NUMBER 13-05-329-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


MICHAEL SCOTT, Appellant,


v.



TEXAS DEPARTMENT OF 

CRIMINAL JUSTICE, Appellee.

 


On appeal from the 343rd District Court of Bee County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Yañez



 This is an appeal from the dismissal of appellant's pro se in forma pauperis action. 
Appellant, Michael Scott, is an inmate in the Institutional Division of the Texas Department
of Criminal Justice (TDCJ). He sued TDCJ for personal injuries alleging that prison guards
injured him by their negligent use of handcuffs. The trial court found that the suit was
frivolous and dismissed the claim with prejudice. We affirm.

 In his third amended petition, appellant claimed that he sustained injury when prison
guards placed handcuffs on him too tightly. The handcuffs were placed on appellant
because he was being transported to a different holding facility. Appellant claims he was
tightly restrained for three and a half hours, and as a result, he "experienced physical pain,
suffered from cuts and bruises on his wrist, numbness of one of the hands, and permanent
bruises or discoloration on his wrist." In his petition, appellant raised a claim under the
Texas Tort Claims Act and a claim for civil assault and battery under the Texas
Constitution. Following a January 11, 2005 telephone hearing, the trial court dismissed the
suit in its entirety with prejudice upon finding it "frivolous pursuant to Chapter Fourteen of
the Texas Civil Practice and Remedies Code."

 Trial courts have broad discretion to determine whether a case should be dismissed
under Chapter 14. (1) We will not interfere with the exercise of that discretion absent proof
the trial court abused its discretion, acting arbitrarily or unreasonably in light of all the
circumstances in the case, without reference to any guiding rules and principles. (2) A trial
court may dismiss an inmate's claim, either before or after service of process, if the court
finds that the claim is frivolous. (3) In determining whether a claim is frivolous, the court may
consider whether (1) the claim's realistic chance of ultimate success is slight; (2) the claim
has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in
support of the claim; or (4) the claim is substantially similar to a previous claim filed by the
inmate because the claim arises from the same operative facts. (4)

 Appellant alleged that prison guards' negligent use of handcuffs caused his injuries. 
By asserting that he was injured by the guards' use of personal property, appellant pleaded
a viable cause of action under the Texas Tort Claims Act. (5) We therefore consider whether
his cause of action has any arguable basis in fact. We find that it does not. "The acts
complained of are common and necessary incidents of the prison environment. To the
extent the guards' actions in this case caused injuries exceeding the usual level of
discomfort experienced by inmates, the injuries suffered by the appellant were de
minimis." (6)

 Finding no abuse of discretion, we affirm the trial court's dismissal of appellant's
lawsuit.


 

 LINDA REYNA YAÑEZ,

 Justice





Memorandum Opinion delivered and filed 

this the 28th day of February, 2008. 
1. Retzlaff v. Tex. Dep't of Criminal Justice, 94 S.W.3d 650, 653 (Tex. App.-Houston [14th Dist.] 2002,
pet. denied); Montana v. Patterson, 894 S.W.2d 812, 814-15 (Tex. App.-Tyler 1994, no writ).
2. Lewis v. Johnson, 97 S.W.3d 885, 886-87 (Tex. App.-Corpus Christi 2003, no pet.). 
3. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a) (Vernon 2002).
4. Id. § 14.003(b).
5. Id. § 101.021(2) (Vernon 2005).
6. Thomas v. Tex. Dep't of Criminal Justice, 848 S.W.2d 797, 798 (Tex. App.-Houston [14th Dist.]
1993, writ denied) (making this statement in response to inmate's claim that guards' negligent use of leg irons
and a lock bar caused him injury); see Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.-Waco 1991, writ
denied) (stating that the trial court could have concluded that inmate's physical and mental injuries--incurred
as a result of being burned by hot coffee that was served to him--were de minimis). The phrase "doctrine of
de minimis non curiat lex" can be construed as meaning that the law cares not for small things. See Smith
v. Stevens, 822 S.W.2d 152 (Tex. App.-Houston [1st Dist.] 1991, writ denied).