# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-18-00518-CV

---

**James McCoy, Appellant**

**v.**

**Dale Wainwright, Chairman of the Texas Board of Criminal Justice, and
Kenneth Green, Disciplinary Captain of the Michael Unit, Appellees**

---

**FROM THE 200TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-GN-17-003083, THE HONORABLE ORLINDA NARANJO, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

James McCoy, a pro se inmate in custody of the Texas Department of Criminal Justice, appeals from the trial court's dismissal of his claims against Dale Wainwright, Chairman of the Texas Board of Criminal Justice (TDCJ), and Kenneth Green, Disciplinary Captain of the Michael Unit. As explained below, we will affirm the trial court's order of dismissal.

## BACKGROUND

On June 22, 2017, McCoy filed suit against Wainwright and Green in their official and individual capacities, contending that he had twice been disciplined based on untrue allegations by Department personnel and that his rights had been violated in those disciplinary cases. McCoy asserted that "major disciplinary cases" were filed against him in 2016 and 2017. The first case charged that he had committed "the offense of 'Soliciting funds from a person for

the offender's personal gain'" after he wrote a letter to the Vietnam Veterans of America asking whether the group "provided financial assistance to incarcerated veterans." McCoy alleged that he successfully appealed but that the same charge, based on the same facts, was refiled, in violation of rules against double jeopardy, and that his second appeal was unsuccessful. The 2017 case charged McCoy with "the offense of 'Attempting to establish an unauthorized business'" after he wrote a letter offering to help a friend who was not incarcerated "start a legitimate business" in exchange for ten percent of "whatever [McCoy's friend] made as a result of the Plaintiff's help/intellectual property." McCoy stated that he unsuccessfully filed a Step 1 grievance from the 2017 case and claimed that he was not required to file a Step 2 grievance because "[i]t is not necessary to complete the grievance process a third time when the violation reoccurs."[1] McCoy asserted that both disciplinary cases were based on lies by correctional officers; that in the disciplinary hearings, he was not allowed to present or view certain evidence; that the Department did not introduce evidence necessary to support the charges; and that he did not receive due process. McCoy further stated that certain TDCJ rules are unconstitutionally vague and that TDCJ's in-house grievance system "fails to produce any adverse consequences to prison officials who violate prison rules" and "promotes a systemic assault on prisoner's constitutionally protected rights." Finally, McCoy alleged that there was an "unwritten policy" of violating prisoners' rights.

---

[1] Contrary to McCoy's assertion, the TDCJ inmate grievance system requires an inmate to file a Step 2 grievance form if he is dissatisfied with the resolution of his Step 1 grievance. *See* Tex. Dep't of Crim. Justice, Offender Orientation Handbook, p.73-75 (Feb. 2017), *available at* www.tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.pdf); *Evans v. Hernandez*, No. 13-10-00593-CV, 2011 WL 1106712, at *1 (Tex. App.—Corpus Christi-Edinburg Mar. 24, 2011, pet. denied) (mem. op.) (citing to Offender Orientation Handbook and stating that "if the informal attempt [to resolve problem] is unsuccessful, a timely step 1 grievance form must be forwarded to the unit grievance investigator and, if unsatisfied with the step 1 decision, a timely step 2 form must be submitted to the unit grievance investigator").

McCoy alleged that Green had falsified TDCJ records and violated TDCJ policies. McCoy asserted that Wainright had "implemented or condoned policies or practices" that "enable prison disciplinary officers to violate prisoner's constitutional rights without consequences," "deny prisoners a meaningful substitute counsel in major disciplinary hearings," and "make prison rules for offenders doing business outside of prison unconstitutionally vague." As a result, McCoy contended, he had been "found guilty of major disciplinary offenses, which he . . . was not guilty of, that will be considered by the parole board when he is reviewed for parole." He sought to have Wainwright and Green enjoined from "violating [McCoy's] constitutional rights in prison disciplinary hearings" and ordered to acknowledge that McCoy had not violated provisions related to starting a business. He also sought an "injunction to prevent any record of these disciplinary cases from ever appearing in Plaintiff's prison/parole files" and asked that both Wainright and Green, in their individual capacities, be ordered to pay McCoy compensatory and punitive damages.

Wainwright was served with citation, answered, and filed a motion to dismiss, but Green was never served and has never answered or appeared.[2] Wainwright filed a motion to dismiss under Chapter 14, which governs inmate lawsuits in which the inmate asserts an inability to pay costs. *See* Tex. Civ. Prac. & Rem. Code § 14.002; *see generally id*. §§ 14.001-.014. On July 20, 2018, the trial court signed an order dismissing McCoy's claims with prejudice "for failure to comply with" Chapter 14. On August 13, the trial court file-stamped McCoy's "Motion to Extend Time to File Motion to Reinstate or Alternatively Motion to Vacate," which was postmarked on August 8 and which recited that McCoy had placed it into the prison's mail

---

[2] The trial court stated during a hearing that it had been informed that Green left TDCJ in July 2017, and McCoy alleged in one of his trial-court filings that it was "common knowledge" at the prison that Green was no longer employed there.

system on August 2. On September 19, the trial court held a hearing on McCoy's motion for extension of time. McCoy argued that the timely filing of his motion for extension of time should "allow me to timely file the motion to vacate judgment" and alternatively asked the trial court "to construe my motion as a motion for new trial." The trial court denied McCoy's motion to extend time and stated, "To the extent it can be construed as a motion for a new trial I'm denying the motion for new trial, although I don't think I'm within my plenary power to consider such a thing. But to the extent it is within my plenary power, the Court is denying it."

**DISCUSSION**

On appeal, McCoy asserts two issues: (1) that the trial court abused its discretion in dismissing his lawsuit with prejudice and (2) that the court abused its discretion in "not reconstruing" his motion for extension of time as a motion for new trial. We first consider the dismissal of McCoy's lawsuit with prejudice. Wainwright contends that dismissal with prejudice was proper because McCoy's claims were frivolous, contending that the claims had no realistic chance of success, that McCoy failed to state a valid claim against him, that sovereign immunity barred McCoy's claims against Wainwright, and that McCoy did not exhaust his administrative remedies. Wainwright further contends that dismissal with prejudice was proper because McCoy falsely claimed that he was indigent when the record established that he was able to pay costs.

Chapter 14 applies to an action filed by an inmate who claims an inability to pay costs in the suit. *Id.* § 14.002(a). A trial court may dismiss an inmate's claim before or after service of process if the court finds that the allegation of poverty is false, that the claim is frivolous or malicious, or that the inmate filed a required affidavit or unsworn declaration that he knew was false. *Id*. § 14.003(a). Generally, a case should not be dismissed with prejudice if the

4

plaintiff can remedy the defect.[3]  *See Harris Cty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004); *Josey v. Bell Cty. Law Enf't Ctr.*, No. 03-02-00612-CV, 2003 WL 1088450, at *1 (Tex. App.—Austin Mar. 13, 2003, pet. denied) (mem. op.); *Hughes v. Massey*, 65 S.W.3d 743, 746 (Tex. App.—Beaumont 2001, no pet.); *Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  However, a claim that lacks an arguable basis in law or fact may properly be dismissed with prejudice under Chapter 14.[4]  *Fernandez v. T.D.C.J.*, 341 S.W.3d 6, 13 (Tex. App.—Waco 2010, no pet.); *Hamilton v. Williams*, 298 S.W.3d 334, 339-40 (Tex. App.—Fort Worth 2009, pet. denied).  "A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory."  *Williams*, 298 S.W.3d at 339.  Dismissal with prejudice may also be appropriate if the defendant is immune from suit, *see Hirczy de Mino v. University of Hous.*, No. 03-03-00311-CV, 2004 WL 2296131, at *6 (Tex. App.—Austin Oct. 14, 2004, pet. denied) (mem. op.) (citing *Sykes*, 136 S.W.3d at 639), or if the error cannot be remedied, *see Leachman v. Dretke*, 261 S.W.3d 297, 312 (Tex. App.—Fort Worth 2008, no pet.).

Although McCoy stated in his petition that his suit was brought under tort, asserting that Wainwright was negligent in condoning improper policies, he has not alleged a tort.  Instead, as he states in his brief, "[t]he crux of [McCoy's] claims center on falsified prison

---

[3] The dismissal of a case with prejudice operates as an adjudication on the merits as if the case had been fully tried and decided.  *See Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999) (per curiam); *Austin Energy v. Trinity Universal Ins. Grp.*, No. 03-12-00842-CV, 2014 WL 2522203, at *2 (Tex. App.—Austin May 29, 2014, no pet.) (mem. op.); *see also Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) (because lack of jurisdiction due to failure to exhaust administrative remedies "does not implicate the claims' merits, the trial court must dismiss the claims without prejudice").

[4] Although Section 14.003(b) states that a trial court may consider the realistic chance of success or whether the inmate can prove facts to support his claim, Tex. Civ. Prac. & Rem. Code § 14.003(b), we "are discouraged from relying on the 'realistic chance' or 'prove facts' factors in deciding that a claim is frivolous," *Cline v. Texas Bd. of Crim. Justice*, No. 03-04-00757-CV, 2006 WL 952536, at *2 (Tex. App.—Austin Apr. 14, 2001, pet. denied) (mem. op.).

disciplinary charges" that violated his constitutional rights. And, in his response to Wainwright's motion to dismiss, McCoy "concede[d] that the injuries incurred and the relief sought could be appropriately addressed in a 42 USC § 1983 civil rights lawsuit" and asked the trial court to "construe the suit appropriately" as a "civil rights action or a petition for writ of mandamus." *See* 42 U.S.C. § 1983 ("Civil action for deprivation of rights"; allowing for lawsuit based on "deprivation of any rights, privileges, or immunities secured by the Constitution" by person acting "under color of any statute, ordinance, regulation, custom, or usage"); *Leachman*, 261 S.W.3d at 305. A civil-rights claim under Section 1983 "involves two essential elements: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of rights, privileges, or immunities secured by the Constitution, or the laws, of the United States." *Leachman*, 261 S.W.3d at 305; *see* 42 U.S.C. § 1983. An official acting in his official capacity, however, is not a "person" who may be held liable under Section 1983. *See, e.g.*, *Leachman*, 261 S.W.3d at 305; *Esparza v. Diaz*, 802 S.W.2d 772, 778 (Tex. App.—Houston [14th Dist.] 1990, no writ). McCoy's claims against Wainwright and Green in their official capacities are thus barred by sovereign immunity and were properly dismissed with prejudice.

As for McCoy's claims brought against Wainwright and Green in their individual capacities, "[t]he grievance system provides the exclusive administrative remedy for all claims by an inmate while incarcerated except for any 'remedy provided by writ of habeas corpus challenging the validity of an action occurring before the delivery of the inmate' to the prison facility." *Jordan v. Menchaca*, No. 13-18-00143-CV, 2019 WL 1388741, at *2 (Tex. App.—Corpus Christi-Edinburg Mar. 28, 2019, no pet.) (mem. op.) (quoting Tex. Gov't Code § 501.008(a)). It therefore appears that his claims could and should have been brought up

6

through the TDCJ grievance process. *See* Tex. Dep't of Crim. Justice, Offender Orientation Handbook, p.74 (Feb. 2017), *available at* www.tdcj.texas.gov/documents/Offender_Orientation_ Handbook_English.pdf (grievable issues include "interpretation or application of TDCJ policies, rules, regulations, and procedures"; "actions of an employee or another offender, including denial of access to the grievance procedure"; and reprisal "for the good faith use of the grievance procedure or Access to Courts").[5] Although McCoy frames his claims, at least in part, as attacking the adequacy of TDCJ's overall grievance process, he is, in essence, seeking relief from the disciplinary proceedings and their possible effect on his future parole reviews. *See Garner v. Texas Dep't of Crim. Justice*, No. 13-05-00588-CV, 2006 WL 2076762, at *2 (Tex. App.—Corpus Christi-Edinburg July 27, 2006, no pet.) (mem. op).

McCoy's claims arose while he was housed in a TDCJ facility, and he alleges improper behavior by correctional officers during two specific disciplinary proceedings, but he did not file the underlying lawsuit within thirty-one days of receiving a final written decision on his grievances. *See* Tex. Civ. Prac. & Rem. Code § 14.005 (inmate who files claim subject to TDCJ grievance system must file declaration stating date grievance was filed and date written

---

[5] *See also Woodford v. Ngo*, 548 U.S. 81, 102 (2006) (overruling argument that requiring exhaustion of administrative process will lead to procedures "designed to trap unwary prisoners"; "Corrections officials concerned about maintaining order in their institutions have a reason for creating and retaining grievance systems that provide—and that are perceived by prisoners as providing—a meaningful opportunity for prisoners to raise meritorious grievances."); *Gilbert v. Texas Dep't of Crim. Justice*, 490 S.W.3d 598, 604-09 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (discussing application of Tex. Gov't Code § 501.008 and Tex. Civ. Prac. & Rem. Code § 14.005 to civil-rights suits under 42 U.S.C. § 1983); *McClure v. State*, No. 06-12-00075-CV, 2012 WL 6632763, at *1-4 (Tex. App.—Texarkana Dec. 20, 2012, no pet.) (mem. op.) (inmate sued for civil-rights violations after exhausting grievance process); *Birdo v. Schwartzer*, 883 S.W.2d 386, 388 (Tex. App.—Waco 1994, no writ) (claims that TDCJ employees deprived inmate of "state prison-created liberty and property interest rights pursuant to and by improper application of [prison] policies/regulations . . . without predeprivation hearing or opportunity to be heard" had to be brought through grievance process).

decision was received, and trial court "shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision"). His 2016 grievance was disposed of in June 2016, and his 2017 Step 1 grievance was returned to him on April 10, 2017, with a notation, "Redundant, Refer to grievance # 2017115594."[6] McCoy acknowledges that he did not file a Step 2 form, arguing that he was not required to do so. *See Evans v. Hernandez*, No. 13-10-00593-CV, 2011 WL 1106712, at *1 (Tex. App.—Corpus Christi-Edinburg Mar. 24, 2011, pet. denied) (mem. op.) (offender must submit Step 2 form if unsatisfied with Step 1 decision). Even if McCoy could be considered to have exhausted the grievance process by having his Step 1 grievance form returned as "redundant," his lawsuit was filed on June 22, 2017, more than thirty days after the form was returned.

Further, allegations of due-process violations in disciplinary proceedings, when the inmate seeks to challenge the punishment imposed, must be brought through a habeas corpus action in federal court. *See Edwards v. Balisok*, 520 U.S. 641, 647-48 (1997); *Evans v. Eldridge*, No. 13-08-00634-CV, 2009 WL 2462893, at *2 (Tex. App.—Corpus Christi-Edinburg Aug. 13, 2009, pet. denied) (mem. op.); *Jones v. Texas Dep't of Crim. Justice*, No. 13-05-00197-CV, 2006 WL 1644685, at *3 (Tex. App.—Corpus Christi-Edinburg June 15, 2006, no pet.) (mem. op.); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); *Ex parte Brager*, 704 S.W.2d 46, 46 (Tex. Crim. App. 1986) (refusing to "entertain claims concerning alleged violations of prison disciplinary procedures"). Although McCoy attempts to frame his complaints at least in part as a global

---

[6] There is no information in the record about Grievance # 2017115594.

8

attack on the grievance system, *see Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983) (habeas corpus is not sole remedy for systemic challenge under Section 1983), his claims arise out of specific disciplinary cases, the relief he seeks is specific to those cases, and if he were to prevail, it would necessarily imply the invalidity of his punishments, *see Eldridge*, 2009 WL 2462893 at *2-3; *Garner*, 2006 WL 2076762, at *2 (although inmate alleged that he was not seeking review of disciplinary findings "but rather of the decision that deprived him of due process by not providing an adequate administrative process, he is, in essence, seeking relief from a disciplinary finding which is a challenge to the fact and duration of his custody").

For the reasons stated above, the trial court did not err in dismissing with prejudice McCoy's claims related to and arising from the disciplinary actions taken against him. We overrule McCoy's first issue on appeal.

In his second issue, McCoy states that the trial court abused its discretion in not "reconstruing" his motion for extension of time as a motion for new trial, stating that a motion for new trial "would have presented the same arguments" as his first appellate issue. He asserts that the court "had the authority to do so" under the rules of civil procedure[7] and should have looked to the substance of the motion to determine the relief sought. *See Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999); *In re Guardianship of Archer*, 203 S.W.3d 16, 19 n.5 (Tex. App.—San Antonio 2006, pet. denied).

---

[7] McCoy cites to rule 5, which explains when a trial court may extend the deadlines for filing motions. Tex. R. Civ. P. 5. A court may not, however, "enlarge the period for taking any action under the rules relating to new trials except as stated in these rules." *Id*. A motion for new trial "shall be filed prior to or within thirty days after the judgment is signed," *id.* R. 329b(a), and a trial court may not enlarge the time for filing such a motion, *Moritz v. Preiss*, 121 S.W.3d 715, 720 (Tex. 2003); *Texas MRG, Inc. v. Schunicht*, No. 10-04-00029-CV, 2005 WL 1703617, at *1 (Tex. App.—Waco July 20, 2005, no pet.) (mem. op.). Thus, if McCoy instead is complaining that the trial court should have granted him an extension of time to file a motion for new trial, the court did not err in refusing to do so.

During the hearing on his motion, McCoy said that he was seeking additional time to file a motion to vacate the judgment but that, "alternatively, . . . a motion for new trial would be appropriate, and, therefore, you do have the power to construe my motion as a motion for new trial." The trial court first said that "based on the argument from counsel, based on the record as I see it, I'm denying your motion to extend time." It went on to say, "To the extent it can be construed as a motion for a new trial I'm denying the motion for new trial." Thus, contrary to McCoy's assertion on appeal, the record reflects that the court viewed the motion as a motion for new trial as McCoy requested—rather than refusing to do so—and then denied it.

Further, a motion for new trial must explain the asserted grounds with sufficient specificity that "the objection can be clearly identified and understood by the court," and general objections "shall not be considered by the court." Tex. R. Civ. P. 321, 322; *see In re Columbia Med. Ctr.*, 290 S.W.3d 204, 210 (Tex. 2009) (orig. proceeding); *Beard Family P'ship v. Commercial Indem. Ins. Co.*, 116 S.W.3d 839, 847 (Tex. App.—Austin 2003, no pet.). McCoy's motion, however, stated only that he was a "layman of the law," was incarcerated, and had limited access to the law library and that he therefore requested a thirty-day extension of time "to submit his Motion To Reinstate under TRCP 165a or alternatively a Motion To Vacate pursuant to TRCP 329(b)." The motion did not assert any grounds on which a new trial could be granted, nor did it assert that it was error to dismiss his claims with prejudice. Because the motion did not assert any possible grounds for new trial, McCoy cannot show that the trial court erred in denying the motion after viewing it as a motion for new trial. We overrule McCoy's second issue on appeal.

10

## CONCLUSION

Having overruled McCoy's issues on appeal, we affirm the trial court's order of dismissal.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Kelly and Smith

Affirmed

Filed:   December 12, 2019